IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE D. SMITH, # B-54487,         ) | |
|                                                            ) | |
|                       **Plaintiff,**         ) | |
|                                                            ) | |
| vs.                                                    ) | Case No. 13-cv-00803-JPG |
|                                                            ) | |
| RANDY DAVIS,                             ) | |
|                                                            ) | |
|                       **Defendant.**       ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tyrone Smith, an inmate currently incarcerated at Vienna Correctional Center ("Vienna"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff's claims arise from the conditions of his confinement at Vienna. Plaintiff seeks $50 million in damages.

## The Complaint

The allegations in Plaintiff's complaint span one paragraph (Doc. 1, p. 5). Plaintiff includes in this paragraph a long string of legal and nonsensical terms, which, when taken together, mean nothing and serve no other purpose than to obscure the claims Plaintiff is actually trying to raise. This same string appears in numerous other complaints filed by Vienna inmates.

Beyond this, Plaintiff alleges that he was transferred to Vienna on March 27, 2012. On May 1, 2013, he was placed on the third floor of Building #19. There, Plaintiff experienced conditions, which he claims violate his legal rights and place him in danger (Doc. 1, p. 5). These conditions include exposure to asbestos, improper ventilation, leaky roofs, overflowing urinals, moldy showers, moldy food, and a shortage of functioning toilets. In addition, rodent droppings litter the kitchen and living quarters. Third shift correctional officers sleep instead of making

rounds to check on inmates at night.  Fire alarms go off at random while prisoners are locked in their units, with no response from staff.  Rival gang members and mental health patients are not separated from one another, or other inmates.  Inmates are denied grievance forms, and face interference with their legal mail by staff.

Plaintiff sues Vienna's warden, Randy Davis, for constitutional violations, gross negligence, and criminal malfeasance, among other things.  Plaintiff seeks $50 million in damages (Doc. 1, p. 6).

**Merits Review Under § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

After fully considering the allegations in the complaint, the Court concludes that it fails to state any cognizable claim and shall be dismissed.  Plaintiff's complaint focuses on an Eighth Amendment claim for unconstitutional conditions of confinement.[1]  In order to prevail on this claim, Plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).

---

[1] Plaintiff attempts to assert other claims as well.  He mentions "gross negligence," without stating more.  He attempts to assert a claim against Vienna's warden, a state official, under the Federal Tort Claims Act, which only applies to torts committed by federal officials.  He alludes to the staff's interference with legal mail and grievance forms, neither of which implicates the violation of a constitutional right.  *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The thrust of Plaintiff's complaint and, consequently, of this Order, is Plaintiff's Eighth Amendment claim based on the conditions of his confinement.

The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). Plaintiff's complaint appears to satisfy the objective component of this test.

However, a plaintiff must also demonstrate the subjective component of an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Even at this early stage in litigation, Plaintiff's complaint fails to satisfy the subjective component of an Eighth Amendment claim. Plaintiff identifies Defendant Davis as the only defendant in the caption of his complaint. However, Plaintiff does not mention Defendant Davis in the statement of his claim (Doc. 1, p. 5). Although he sues Defendant Davis in his individual capacity for money damages, Plaintiff does not allege that Defendant Davis was personally

involved in a constitutional deprivation.  He does not allege that Defendant Davis was aware of the conditions identified in the complaint or exhibited deliberate indifference toward inmate health and safety.  Even though Plaintiff also sues Defendant Davis in his official capacity, Plaintiff does not seek injunctive relief or point to an unconstitutional policy, custom or practice related to the conditions of his confinement.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, are required to associate specific defendants with specific claims is to put these defendants on notice of the claims brought against them so that they can properly answer the complaint.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Where a plaintiff does not include a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Without including specific allegations addressing Defendant Davis' involvement in an Eighth Amendment, or other, violation, Plaintiff's complaint fails to state a claim upon which relief can be granted.

For the reasons set forth above, Plaintiff's complaint is subject to dismissal.  Rather than dismiss the entire action, however, the Court shall allow Plaintiff one opportunity to submit an amended complaint in order to correct the above-described deficiencies in his pleading.

In addition, Plaintiff is advised to follow the instructions on the Court's civil rights complaint form when preparing an amended complaint.  That form directs Plaintiff to state "when, where, how, and by whom" his rights were violated (Doc. 1, p. 5).  Put simply, Plaintiff

should state the facts that support each of his claims.  He should omit long, meaningless strings of legal and nonsensical terms from his complaint, which provide no insight into his legal claims.

**Disposition**

The complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendant **RANDY DAVIS** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before October 8, 2013).  The First Amended Complaint shall state the facts supporting Plaintiff's claim regarding conditions of confinement at Vienna Correctional Center, and shall name the individual defendants directly responsible for each alleged constitutional deprivation.

Plaintiff is **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Failure to file an amended complaint that conforms with this Order shall result in the dismissal of this action with prejudice.  Such a dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 3, 2013**

*s/ J. Phil Gilbert*<br>United States District Judge