IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE D. SMITH, # B-54487, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00803-JPG |
| | ) |
| RANDY DAVIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Plaintiff Tyrone Smith's amended complaint (Doc. 8). Plaintiff filed the original complaint (Doc. 1) on August 6, 2013, to challenge the conditions of his confinement at Vienna Correctional Center ("Vienna"). Plaintiff named Vienna's warden, Randy Davis, as the only defendant in the original action and demanded $50 million in damages. On September 3, 2013, the Court dismissed the complaint without prejudice for failure to state a claim upon which relief may be granted (Doc. 7). However, Plaintiff was granted leave to file an amended complaint on or before October 8, 2013, which he has done.

In the amended complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, arising from the conditions of his confinement at Vienna. Plaintiff, once again, sues Defendant Davis in his individual and official capacities for $50 million in damages (Doc. 8, pp. 5-6).

This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is

required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the amended complaint, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss this action.

**The Amended Complaint**

The allegations in Plaintiff's amended complaint are substantially similar to those set forth in the original complaint (Doc. 1, p. 5; Doc. 8, p. 5).  Plaintiff, once again, takes issue with

the conditions of his confinement in Vienna's Building #19, where he has been housed since March 27, 2012 (Doc. 8, p. 5). As in the original complaint, Plaintiff includes a long string of nonsensical terms that serve no apparent purpose, yet consistently appear in complaints filed by Vienna inmates.

Beyond this, the amended complaint focuses on those conditions that Plaintiff addressed in Items #2, #6, and #7 of the original complaint (Doc. 1, p. 5; Doc. 8, p. 5). The conditions include exposure to asbestos, cracked pipes, improper restroom ventilation, moldy showers, insufficient toilets, moldy food, inappropriately dressed dietary staff, moldy dining hall walls, rodent droppings in the kitchen, and cockroaches in the food (Doc. 8, p. 5). The most significant difference between the original and amended complaints is the allegation that "Randy Davis has acknowledgement of" these conditions (*Id.*).

There is one other difference worth noting. In the original complaint, Plaintiff admitted that there is a grievance procedure at Vienna, but he failed to present facts relating to the complaint in the prisoner grievance procedure because he was denied access to grievance forms (Doc. 1, p. 4). In the amended complaint, Plaintiff alleges that he has now filed a grievance to address these conditions and is still waiting for a response (Doc. 8, p. 4). However, Plaintiff did not provide the Court with a copy of the grievance. He also failed to provide the Court with any information about it (e.g., when it was filed, to whom it was addressed, the issues that were raised, whether verbal communications occurred in conjunction with its filing, etc.).

Plaintiff sues Vienna's warden, Randy Davis, under 42 U.S.C. § 1983 and the FTCA, 28 U.S.C. §§ 1346, 2671-2680, for constitutional violations, gross negligence, and criminal malfeasance, among other things. Plaintiff seeks $50 million in damages (Doc. 8, pp. 5-6).

**Merits Review Under § 1915A**

After fully considering the allegations in the amended complaint, the Court concludes that it fails to state any cognizable claim and shall be dismissed. Below, the Court will separately address Plaintiff's FTCA claim (**Count 1**) and his § 1983 claim (**Count 2**). The Court will also address the other claims that Plaintiff attempts to assert in the amended complaint.

**Count 1 – FTCA Claim**

The amended complaint fails to state any claim for relief under the FTCA (**Count 1**). The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Defendant Davis is a state official. Therefore, all FTCA claims against him shall be dismissed.

**Count 2 – Constitutional Claim Under § 1983**

Likewise, the amended complaint fails to state a claim for relief under § 1983 based on unconstitutional conditions of confinement (**Count 2**). "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Plaintiff's amended complaint focuses on an Eighth Amendment claim for unconstitutional conditions of confinement. The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). In order to prevail on this claim, Plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth

Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).

The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). The amended complaint appears to satisfy the objective component of this test.

However, a plaintiff must also demonstrate the subjective component of an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

The amended complaint fails to satisfy the subjective component of an Eighth Amendment claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must

have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Plaintiff identifies Defendant Davis as the only defendant in the caption of his amended complaint. In the statement of claim, Plaintiff alleges that "Randy Davis has acknowledgement of" the conditions at Vienna (Doc. 8, p. 5). No other allegations address Defendant Davis' personal participation in a specific constitutional violation. Without more, this single allegation is both vague and ambiguous. Certainly, it falls far short of establishing that Defendant Davis was both: (1) aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and (2) actually drew the inference. *See Farmer*, 511 U.S. at 837.

Plaintiff simply does not plead "enough facts to state a claim to relief that is plausible on its face" as it pertains to deliberate indifference. *Twombly*, 550 U.S. at 570. Plaintiff could have provided details that pushed his constitutional claim from the realm of possibility into the realm of plausibility. *Id*. at 557. He could have described the steps he took to put Defendant Davis on notice of the conditions, as well as Defendant Davis' response. Plaintiff could have described the content of his grievance, to whom it was addressed, when it was filed, and whether verbal communications incident to its filing put Defendant Davis on notice of the conditions. Plaintiff did not. Merely alleging that Defendant Davis "has acknowledgement of" the conditions is not enough, even at this early stage in litigation. In terms of individual liability, the amended complaint fails to state a claim for relief against Defendant Davis.

Absent any individual liability, the warden could still be liable in his official capacity, but only for purposes of securing injunctive relief. *See Delaney v. DeTella*, 256 F.3d 679, 687

(7th Cir. 2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement). The amended complaint points to no such policy and requests no injunctive relief. The Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005). Therefore, Plaintiff's official capacity claim against Defendant Davis fails. Based on the above analysis, Count 2 shall be dismissed.

**Other Claims**

The Court also finds that Plaintiff has failed to state any other claim for relief in the amended complaint. Plaintiff peppers the amended complaint with phrases, such as "gross negligence," "torque claim," "criminal malfeasance," etc. Conclusory legal statements do not meet the pleading standards set forth under Rule 8 of the Federal Rules of Civil Procedure, nor do these statements provide enough information to push these claims from the realm of "possible" to "plausible." *Twombly*, 550 U.S. at 557. Accordingly, these other claims shall be dismissed.

For the reasons set forth above, the amended complaint fails to state a claim upon which relief may be granted and shall therefore be dismissed.

**Disposition**

**IT IS ORDERED** that the amended complaint (Doc. 8), including **COUNTS 1, 2** and all other claims, is **DISMISSED** on the merits with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **RANDY DAVIS** is **DISMISSED** with prejudice from this action.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee[1] irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 25, 2013**

*s/ J. Phil Gilbert*
United States District Judge

---

[1] Effective December 1, 2013, the appellate filing fee increases to $500.00.